09-4312-ag
Krioutchkov v. Holder

BIA
A071 959 970

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand eleven.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

NIKOLAI KRIOUTCHKOV,
        *Petitioner,*

        v.                                          09-4312-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Marina Alexandrovich, Tempe, Arizona.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office

**of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Nikolai Krioutchkov, a native of the former Union of Soviet Socialist Republics and a citizen of Russia, seeks review of a September 17, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Nikolai Krioutchkov*, No. A071 959 970 (B.I.A. Sept. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Krioutchkov's motion to reopen as untimely and number-barred, as his motion was filed in March 2009, more than three years after the entry of his October 2005 final

order of removal and the denial of his first motion to reopen.  *See id.;* 8 C.F.R. § 1003.2(c)(2).

Under the doctrine of equitable tolling, ineffective assistance of counsel can extend the filing deadline for an alien's motion to reopen.  *See Cekic v. INS*, 435 F.3d 167, 170-71 (2d Cir. 2006).  In order to warrant equitable tolling, however, the alien is required to demonstrate that he exercised "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).  We have noted that "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable."  *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not act arbitrarily or capriciously in concluding that Krioutchkov failed to demonstrate that he exercised due diligence during the three year period prior to filing his second motion to reopen.  *See id.*  Krioutchkov concedes that his prior counsel timely informed him that his

3

appeal had been dismissed and that he knowingly remained in the United States despite the BIA's final order of removal. In his brief to the BIA, Krioutchkov did not explain why he did not follow up with his prior counsel at the time he was informed of the BIA's dismissal of his appeal or the denial of his first motion to reopen, actions which could have alerted him to his prior counsel's failure to file a brief to the BIA and the basis for the denial of reopening. *See Rashid*, 533 F.3d at 132, 132 n.3 (holding that although this Court has recognized that aliens in deportation proceedings reasonably rely on "assurances [from counsel] that their case[s][are] being pursued," under certain circumstances, an alien can be expected to comprehend that he has received ineffective assistance without being explicitly told so by an attorney (internal quotation marks omitted) (alterations in *Rashid*)).[1] Accordingly, the BIA's due diligence finding was not an abuse of discretion. *See Jian Hua Wang*, 508 F.3d at 715. Because the BIA did not abuse its discretion in finding a lack of due diligence, we need not reach the

---

[1] We decline to consider Krioutchkov's unexhausted and unsupported argument that "[his prior counsel] instructed [him] to wait till [sic] adjudication of the I-130 immigration visa petition by [his] U.S. citizen wife." Petr.'s Br. 18. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-122 (2d Cir. 2006).

merits of the underlying ineffective assistance claim. *See Cekic*, 435 F.3d at 170-171.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. All other pending motions are DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk